UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOLEE O.,

Plaintiff, 5:25-CV-0623 (GTS/ML)

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

JUSTIN GOLDSTEIN LAW, PLLC JUSTIN M. GOLDSTEIN, ESQ.
*Counsel for Plaintiff*
38 Pond Valley Circle
Penfield, New York 14526

SOCIAL SECURITY ADMINISTRATION GEOFFREY M. PETERS
OFFICE OF GENERAL COUNSEL
*Counsel for Defendant*
6401 Security Boulevard
Baltimore, Maryland 21235

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this Social Security action filed by Jolee O. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Miroslav Lovric recommending that Plaintiff's motion for judgment on the pleadings be granted, the Commissioner's motion for judgment on the pleadings be denied, and the Commissioner's decision be remanded for further administrative proceedings, and (2) the Commissioner's objections to the Report and Recommendation. (Dkt. Nos. 30, 31.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety, Plaintiff's

motion for judgment on the pleadings is granted, the Commissioner's motion for judgment on the pleadings is denied, and the Commissioner's decision is remanded for further administrative proceedings.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Lovric's Report and Recommendation

Generally, in his Report and Recommendation, Magistrate Judge Lovric determined that the Commissioner's decision should be remanded for further administrative proceedings because the ALJ (a) failed to adequately explain her reasons for finding Plaintiff's established onset date ("EOD") to be January 8, 2024, and (b) did not comply with Magistrate Judge Kahn's February 20, 2024, remand order related to the assessment of Plaintiff's manipulative limitations. (Dkt. No. 30.)

First, Magistrate Judge Lovric found the ALJ's EOD determination problematic because the ALJ (a) provided only a short explanation of the record evidence and made no reference to SSR-18-01p or its requirements, and (b) failed to account for earlier evidence which showed Plaintiff was reporting with more serious issues well before a relevant x-ray of Plaintiff's left hand and wrist taken on January 8, 2024 (*i.e.*, a July 2018 orthopedic assessment of Plaintiff's long-standing left hand pain and diagnosis of osteoarthritis (T. 284), an October 2021 observation of Bouchard's and Heberden's nodes on Plaintiff's left and right hands (T. 531), and her February 2022 testimony that arthritic hand pain and numbness made it difficult to write and type before she stopped working in 2020 (T. 38-39)). Because the EOD appears to be arbitrary and is not supported by substantial evidence, Magistrate Judge Lovric recommended remand for

re-evaluation of the medical evidence and further development of the record with additional evidence or medical expert testimony to determine an EOD in a manner that is consistent with SSR-18-01p.

Second, Magistrate Judge Lovric found that the ALJ failed to comply with District Judge Kahn's February 2024 remand order. More specifically, Magistrate Judge Lovric found that the ALJ (a) provided no explanation as to how the opinion evidence supported her finding or influenced her reasoning related to Plaintiff's ability to use her hands, and (b) failed to explain her conclusion that Plaintiff's abilities to use her left and right hand were functionally different after the EOD. While Magistrate Judge Lovric noted that the ALJ included additional treatment notes from March 2022 to July 2024, he found that the ALJ failed to build an accurate and logical bridge to enable meaningful review and therefore recommended remand for further development of the record.

**B. Commissioner's Objections to the Report and Recommendation**

Generally, in his Objections to the Report and Recommendation, the Commissioner asserts that the ALJ's EOD and her RFC finding are sufficiently supported by substantial evidence and free of legal error. (Dkt. No. 31.) More specifically, the Commissioner asserts the following two arguments.

First, the Commissioner argues that the ALJ explained that she determined the EOD based on Plaintiff's x-ray imaging from January 8, 2024, which showed degenerative changes and worsening in Plaintiff's left thumb. Moreover, the Commissioner asserts some of the cases relied upon by Magistrate Judge Lovric are not on point because evidence predating Plaintiff's

x-ray imaging did not show severe or disabling findings which would warrant a finding of greater manipulative limitations prior to the EOD. (*Id.*)

Second, the Commissioner argues the ALJ conducted a thorough review of the record evidence and supported the EOD and her RFC finding with substantial evidence. More specifically, the Commissioner takes issue with Magistrate Judge Lovric's contention that the ALJ failed to consider evidence in the record more favorable to Plaintiff given that (a) the ALJ specifically addressed Plaintiff's 2022 testimony, examinations documenting Heberden's and Bouchard's nodes, and a 2018 x-ray showing osteoarthritis in Plaintiff's left thumb, and (b) the ALJ found more restrictive manipulative limitations than opined by any source. In addition, Commissioner acknowledges that, although the ALJ did specifically discuss an orthopedist's July 2018 diagnosis of osteoarthritis, this record predates Plaintiff's alleged onset date by more than two years. Finally, the Commissioner asserts it is well understood that an ALJ is not required to specifically discuss all the evidence in a record, but rather merely show that substantial evidence supports his or her findings, which the ALJ has done here. (*Id.*)

**C. Plaintiff's Response to the Commissioner's Objections**

Generally, in her response, Plaintiff asserts the following three arguments. (Dkt. No. 32.) First, Plaintiff argues that even if the Court were to uphold the Commissioner's objection concerning the EOD, remand remains required because the Commissioner has not made any objection to the finding that the ALJ failed to comply with Judge Kahn's prior remand order.

Second, Plaintiff argues that the Commissioner's objection to Magistrate Judge Lovric's citation to out-of-circuit cases is unavailing because (a) this Court is entitled to consider such cases as persuasive when deciding legal issues, (b) the Commissioner has not identified cases

from within the Second Circuit that would suggest that Magistrate Judge Lovric applied an incorrect legal standard, and (c) the Report and Recommendation includes citations to Second Circuit cases in support of its findings.

Third, Plaintiff argues that the Commissioner merely reiterates arguments made in its initial memorandum of law without identifying any law contradicting Magistrate Judge Lovric's findings or facts that were overlooked. Specifically, the Commissioner continues to assert that Plaintiff's limitations began on January 8, 2024, based on x-ray imaging showing "degeneration" in the left hand, despite the fact that evidence in the record from July 2018 through December 2023 reveals this was not a new injury and that Plaintiff's impairments existed prior to January 8, 2024, including (a) PA Palmiero's decision to refer Plaintiff for x-rays in December 2023 because she presented with a "very painful bony deformity of the left hand" and had "anthralgias" (T. 913-14), (b) a notation from Plaintiff's January 2024 x-ray which states Plaintiff has a "possible old avulsion fracture with nonunion," which suggests the impairment had been present for some time (T 919, 921), (c) Dr. Nemeti's treatment of Plaintiff's hands in April 2022, where it was noted that Plaintiff reported "more weakness in her hands," and (d) an x-ray report from July 23, 2018, showing basilar joint degenerative change in the first CMC and calcification about the ulnar head, and prominence and tenderness of the basal joint of the left thumb (Tr. 284). (*Id.*)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Parties may raise objections to the magistrate judge's report

and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

## III. ANALYSIS

After carefully reviewing the relevant findings in this action, including Magistrate Judge Lovric's thorough Report and Recommendation and Commissioner's objections thereto, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Lovric

employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. The Court would add the following points:

The Court finds Commissioner's objections do not raise a specific objection to Magistrate Judge Lovric's Report and Recommendation that would merit *de novo* review. Rather, his arguments amount to little more than disagreement with the Report and Recommendation's overall conclusions. As such, the assessment here is one of determining whether Magistrate Judge Lovric's conclusions are the product of clear error.

There is no such clear error here. Despite all the Commissioner's arguments about what the ALJ did or did not discuss in the decision and citations to various record evidence, the fact remains that the only basis for the ALJ's finding that the EOD was January 8, 2024, rather than some earlier date, appears to be the x-ray imaging performed on that date. Specifically, that imaging is the only evidence related to Plaintiff's hands that the ALJ discusses when explaining the EOD finding, noting that it showed

> Moderate to severe narrowing of the carpometacarpal joint of the left thumb; mild narrowing of the DIP joints; calcification distal to the ulnar styloid, likely due to an old fracture with nonunion; and calcification medially to the carpometacarpal joint of the left thumb, which it was suggested could be due to an old avulsion fracture with nonunion.

(T. 579.)

The ALJ finds that this evidence substantiates that Plaintiff's impairment in her left hand and wrist have worsened since January 8, 2024, but that finding ignores the fact that the joint narrowing and calcification that was documented on that imaging did not suddenly appear on that date. Indeed, Plaintiff was referred for this imaging specifically because she complained to

her provider in December 2023 that she was experiencing symptoms in her left hand, something which suggests the relevant level of impairment existed earlier than January 8, 2024. (T. 913-14, 919.) Because it is clear from the ALJ's own discussion that she determined the EOD arbitrarily based on the date of the x-ray report rather than conducting the more thorough and searching assessment required by SSR 18-01p, the Court finds no error in the Report and Recommendation's conclusion that the ALJ committed an error that warrants remand in this case.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 30) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. Nos. 12) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying disability benefits is **REVERSED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: September 25, 2026
Syracuse, New York



HON. GLENN T. SUDDABY
United States District Judge